IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

OTIS WHITFIELD,

                            Plaintiff,

     v.                       Civil Action No.
                                 9:03-CV-1500 (NAM/DEP)

DR. VADLIMURI, Physician, Marcy
Correctional Facility, *et al.*,

                            Defendants.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

OTIS WHITFIELD, *Pro Se*

FOR DEFENDANTS:

HON. ELIOT SPITZER             MICHAEL G. McCARTIN, ESQ.
Attorney General of the          Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

       Plaintiff Otis Whitfield, a former New York state prison inmate who

was released from custody on October 12, 2005, and whose whereabouts are not currently known to the court, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution.  Plaintiff's complaint, as amended, alleges that defendant Vadlimuri, a prison physician employed at the Marcy Correctional Facility ("Marcy"), where plaintiff was confined at the relevant times, refused to continue prescriptions for pain medications and muscle relaxers previously administered to Whitfield at other prison facilities. Plaintiff also asserts that defendant Martin-Karas, a nurse administrator at Marcy, responded to his request for pads for use with conjunction with his TENS-unit machine, a pain control device, by providing pads which were not suitably sized for his use.  In his amended complaint, plaintiff seeks both monetary and injunctive relief.

   Currently pending before the court is a motion by the defendants for summary judgment dismissing plaintiff's deliberate indifference claims as a  matter of law.  Plaintiff has not responded to that motion, and additionally has failed to comply with this court's requirement that he notify the court and counsel of his apparent change of address.  In light of this

failure, I recommend that plaintiff's complaint be dismissed, without addressing the merits of defendants' unopposed motion.

I.     BACKGROUND

Plaintiff commenced this action on December 19, 2003.  Dkt. No. 1. Upon review of plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis*, District Judge Norman A. Mordue issued an order dated January 9, 2004 granting Whitfield *in forma pauperis* status, but finding that his initial complaint failed to satisfy the governing pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, thus directing the filing of a compliant, amended pleading within thirty days.  Dkt. No. 4.  An amended complaint submitted by the plaintiff on January 22, 2004, *see* Dkt. No. 5, was subsequently approved by order issued by District Judge Mordue on February 4, 2004 authorizing its filing and directing that it be served, together with a summons, upon the two named defendants.[1]  Dkt. No 6.

Following the joinder of issue on July 9, 2004, *see* Dkt. No. 14, and the issuance of a routine, pretrial scheduling order on September 7, 2004,

---

[1] While plaintiff's initial complaint named three defendants, including Marcy Superintendent Lapes, his amended complaint eliminated that defendant and named only Dr. Vadlimuri and Nurse Administrator Martin-Karas as defendants.

3

Dkt. No. 15, defendants moved on July 27, 2005 for the entry of summary judgment dismissing plaintiff's complaint. Dkt. No. 21. In their motion, defendants urge the court to hold that no reasonable factfinder could conclude their actions, as alleged by plaintiff, extended beyond mere malpractice or disagreement with treatment modality and instead attained a level of constitutional significance, additionally arguing their entitlement in any event to qualified immunity. *See id.* Despite the fact that the time for responding has passed, plaintiff has submitted no papers in opposition to defendants' motion.

On or about October 24, 2005, the court was alerted to the fact that plaintiff has been released from the custody of the New York State Department of Correctional Services ("DOCS") when a communication sent by the court and addressed to the plaintiff at the Greene Correctional Facility ("Greene") was returned with a notation "Not Deliverable As Addressed" and with the additional handwritten entry "Inmate Released."[2] Dkt. No. 22. A follow-up investigation conducted within my chambers, utilizing the DOCS inmate locator database, confirmed plaintiff's release

---

[2] Plaintiff was apparently transferred from Marcy into Greene in or about early 2005, and properly notified the court of that change of address. *See* Docket Entry dated 2/5/05.

on parole on October 12, 2005. Despite this change in circumstances, plaintiff has submitted nothing to the court to indicate a current address where he can be reached for purposes of communications from the court.

II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute his or her claims. Fed. R. Civ. P. 41(b); *Link v. Wabash RR Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 1388-90 (1962); *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J. and Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666. 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. and Hurd, M.J.); *see also* N.D.N.Y.L.R. 41.2(b). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1389; *Williams*, 1998 WL 278288, at *2; *Moshier*, 1998 WL 167298, at *1.

For reasons which are evident parties to any pending action, including those electing to proceed *pro se*, are under a continuing duty pursuant to this court's local rules to inform the court of an address where

communications concerning the matter may be sent, and of any changes in that address; the failure of a plaintiff to comply with this meaningful requirement can result in dismissal of the action for failure to prosecute.[3] N.D.N.Y.L.R. 10.1(b), 41.2(b); *Williams*, 1998 WL 278288, at *2; *Moshier*, 1998 WL 167298, at *1-*2.  In this instance, the plaintiff was made aware of the court's requirement concerning address changes in District Judge Mordue's February 4, 2004 order which provided, in relevant part, that "[p]laintiff is . . . required to promptly notify the Clerk's Office of any change in his address; his failure to do this will result in the dismissal of this action."  Dkt. No. 6, at 2.  Plaintiff's awareness of this obviously important requirement is further evidenced by the fact that following his transfer from Marcy into Greene, he provided written notification to the court of his change of circumstances and new address.

Because plaintiff has failed to notify the court of his change of address, following his release from prison, despite having been pointedly advised of the requirement that he do so, I recommend dismissal of his complaint for failure to fulfill his burden of diligently prosecuting the action

---

[3]   Local Rule 10.1(b) provides that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any change of address."  N.D.N.Y.L.R. 10.1(b).  Failure to notify the court of a change in address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action.  *Id.* 41.2(b).

6

and to update his address with the court.  Fed. R. Civ. P. 41(b); N.Y.N.D.L.R. 10.1(b), 41.2; *Link*, 370 U.S. at 633, 82 S. Ct. at 1390; *see also*, *e.g.*, *Williams*, 1998 WL 278288, at *1-*2; *Moshier*, 1998 WL 167298, at *1-*2.

III.  SUMMARY AND RECOMMENDATION

As a result of plaintiff's release from prison, coupled with his failure to apprise the court of that fact and to provide an address where he can be reached for purposes of communications, his current whereabouts are unknown to the court.  This case obviously cannot proceed without notice to the court and defendants' counsel of a valid and current address for use in contacting the plaintiff.  Based upon his failure to provide such an address, I recommend that Whitfield's complaint in this action be dismissed.

Based upon the foregoing, it is hereby

RECOMMENDED, that plaintiff's complaint in this action be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS

REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:   December 6, 2005
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\local rules\change of address\whitfield.wpd